**Yu GAO, Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

**No. 07–2122.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 17, 2008.

Filed: April 23, 2008.

---

Frank R. Liu, Frank R. Liu & Associates, New York, NY, for Petitioner.

Edward J. Duffy, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCIRICA, Chief Judge,
AMBRO and FISHER, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Yu Gao, a native and citizen of China, arrived in the United States in October 2000. She entered removal proceedings shortly after her arrival. Gao admitted removability but applied for asylum, withholding of removal under the Immigration and Nationality Act, and relief under the Convention Against Torture. She sought this relief on the bases that her parents were subject to persecution by Chinese officials and that China punishes those who leave that country without permission. The presiding Immigration Judge denied her the requested relief in February 2003. That decision was affirmed by the Board of Immigration Appeals in April 2004. We denied Gao's petition for review of the BIA's decision in February 2006.

Gao filed a motion to reopen in October 2006 on the basis that she had given birth to her first child in August 2005 and ex-

pected a second shortly. The BIA denied that motion as untimely in March 2007.

Gao now petitions us for review of the denial of her motion to reopen. She argues that the BIA abused its discretion in denying the motion to reopen. She claims that she demonstrated changed circumstances that would result in her persecution by the Chinese government if returned to China. We have jurisdiction under 8 U.S.C. § 1252(a) and review for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004).

Motions to reopen generally must be filed within 90 days of the entry of the contested administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i). However, that time limit does not apply to applicants for asylum or withholding of removal under 8 U.S.C. §§ 1158, 1231(b)(3), if the basis for the motion is "changed country conditions arising in the country of nationality or the country to which removal has been ordered." *Id.* § 1229a(c)(7)(C)(i).

Gao argues that she fits within this exception because, while she arrived in the United States without children, she now has two children, thus subjecting her to harsh Chinese population control laws. However, Gao fails to cite any authority suggesting that giving birth to children in the United States constitutes a change in country conditions within the meaning of 8 U.S.C. § 1229a(c)(7)(C)(i). That provision pertains to changes in the country of origin or removal, not to changes in the circumstances of the applicant. *See Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir.2006). Gao does not argue that China has changed and instead states in her affidavit that "the Chinese government has not changed one little bit in strictly enforcing its coercive family planning policies." Accordingly, the changed circumstances exception does not apply to Gao and the BIA

did not abuse its discretion in denying the motion to reopen.

We thus deny the petition for review.